[Cite as *Baker v. Progressive Ins.*, 2016-Ohio-1110.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

William M. Baker, Jr.                              Court of Appeals No. L-15-1094

      Appellant                                    Trial Court No. CVI-14-05939

v.

Progressive Insurance, Suzanne Barrett
and Maxine Patterson                               **DECISION AND JUDGMENT**

      Appellees                                    Decided:  March 18, 2016

* * * * *

William M. Baker, Jr., pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, William Baker, Jr., appeals from the judgment of the Toledo
Municipal Court, Small Claims Division, which found in favor of appellees on
appellant's claim for damages stemming from a car accident.  For the reasons that follow,
we affirm.

{¶ 2} On December 21, 2013, appellant's vehicle collided with the vehicle of appellee, Maxine Patterson, in a church parking lot. On May 5, 2014, appellant filed a complaint for damages against Patterson's insurance company and its claims handling adjustor, appellees Progressive Insurance ("Progressive") and Suzanne Barrett, respectively, after Progressive denied his claim. Appellant subsequently moved for leave to amend his complaint to add Patterson as a defendant. On December 11, 2014, the matter proceeded to trial before a magistrate to determine the cause of the accident.

{¶ 3} Prior to the trial, four issues were raised. First, Progressive and Barrett renewed an earlier motion to be dismissed pursuant to R.C. 3929.06(B), which requires the plaintiff to obtain a judgment against the tortfeasor before commencing an action against the tortfeasor's insurer. The magistrate granted the motion.

{¶ 4} Second, appellant expressed significant concern over his inability to obtain an address for Patterson, thereby making it difficult to serve her with the complaint. In response, the magistrate noted that Patterson was ultimately served, and was present in court. The magistrate then granted the outstanding motion to add Patterson as a defendant.

{¶ 5} Third, appellant raised the issue that Barrett had not produced a transcript of a telephone conversation between the two of them pertaining to the accident and the damage to Patterson's vehicle, despite appellant's issuance of a subpoena for such transcript. However, the magistrate found that because appellant and Barrett were both present at the trial, and could testify as to the content of the phone conversation, the

2.

transcript was unnecessary. Thus, the magistrate overruled appellant's request for the production of the transcript.

{¶ 6} Finally, the magistrate addressed appellant's earlier motion to have the case assigned to a different magistrate. At the time of the motion, the case was assigned to Magistrate Blaufuss. Since the case was now before Magistrate Hoolahan, the magistrate noted that appellant "got his wish."

{¶ 7} Appellant, Barrett, and Patterson were then sworn in, and the following testimony was taken. Appellant testified that the parking lot contained two rows at opposite ends with a lane in between. One of the rows abutted the church. Appellant testified that the accident occurred as he was backing into a parking space in the row by the church. His version of the event was that Patterson was in the opposite row, and as he was backing in, she pulled forward, striking his driver's side door and front panel with her driver's side front bumper. As support for this version, appellant testified that in his conversation with Barrett, Barrett stated that Patterson indicated that the impact occurred on the corner of her driver's side front bumper. Several photos of the damage to appellant's vehicle were entered into evidence. Appellant also entered as evidence an estimate from Progressive that the cost of the damage to his vehicle was $1,200.

{¶ 8} Appellant next called Barrett as a witness. Barrett testified that she did not recall saying that the impact was to the front corner of Patterson's car. She did remember, however, that appellant stated that he did not see Patterson at all as he was backing up. Appellant then asked Barrett if she still had the transcript from their

3.

telephone conversation, to which she replied in the affirmative. The magistrate then instructed Barrett to retain that transcript in the event that it should become an issue later.

{¶ 9} Appellant presented no other evidence, having commented earlier that while several people saw the incident, none came forward as witnesses.

{¶ 10} Upon completion of appellant's case, Patterson testified in her own defense. She recalled that she was parked in the row by the church, and that her car was facing the church. She was backing out when she saw appellant backing into the space. Patterson testified that she stopped and was waiting for appellant to park when appellant backed in and hit the bumper of her car. Patterson was unequivocal that she was not moving when the collision occurred. Patterson had several pictures of the parking lot and the damage to appellant's vehicle on her cell phone which were shown to the magistrate but not entered into evidence.

{¶ 11} Following the presentation of the evidence, the magistrate took the matter under advisement. On December 29, 2014, the magistrate entered her decision wherein she found that Patterson was a credible witness, and appellant was not. Therefore, the magistrate concluded that appellant had failed to prove by a preponderance of the evidence that Patterson's car hit his car, causing the damage to his vehicle. Accordingly, the magistrate recommended judgment in favor of Patterson, and that the case be dismissed with prejudice in favor of appellees Progressive, Barrett, and Patterson.

{¶ 12} On January 9, 2015, appellant filed his objection to the magistrate's decision in which he argued that, although shown to the court, the estimate from

4.

Progressive of the damages to Patterson's vehicle was not entered into evidence. In addition, appellant objected because the transcript of his conversation with Barrett was not entered into evidence. It is apparent that appellant viewed these documents as material to proving that the impact was to Patterson's front driver's side bumper, thereby supporting his theory that he could not have made contact to that area with his own front driver's side bumper while backing into the spot if she was already parked.

{¶ 13} On March 4, 2015, the trial court entered its judgment overruling appellant's objections and affirming the decision of the magistrate.[1] Appellant has timely appealed the trial court's judgment, asserting seven assignments of error for our review:

> 1. The trial court committed prejudicial and reversible error when the court dismissed the defendants Progressive Insurance from the case, and when the court did not enforce the subpoena duce tacum [sic] issued by the appellant to Progressive Insurance and proceeded to trial without assurance that the recording would be made a part of the final case file record, a [sic] without a ruling on appellee's suppression of the evidence.
>
> 2. The trial court committed prejudicial and reversible error when the court refused appellant's request to have the written recording of the telephone conversation between appellant and the claims adjuster admitted into the record.

---

[1] Upon remand from this court, the judgment entry was subsequently amended on May 22, 2015, to state the outcome or the order granting relief.

3.  The trial court committed prejudicial and reversible error when the court took the defendant's cell phone at the bench and looked through appellee's log of pictures and discussing the pictures therein the cell phone with the appellee without the appellant being privy to those pictures amounting to ex parte proceeding in such regard.

4.  The trial court committed prejudicial and reversible error when the court did not comply with the Rules of the Superintendent [sic] governing records admitted during trial that are to be kept in the case file, when the court handed the appellee's estimate of the damage to appellee's vehicle back to appellee without insuring [sic] that the appellant was privy to the written estimate, without making the determination that the damage was to the appellee's front bumper on the driver's side as proof of appellee's guilt, and without keeping the estimate in the case file.

5.  The trial court committed prejudicial and reversible error by finding appellant guilty, or of finding the appellant of not proving his case because he did not produce witnesses to establish the fault of the appellee for the accident, and for finding the appellant to be dishonest or unbelievable, also to have been disruptive and overly argumentative during the trial.

6.  The trial court committed prejudicial and reversible error because the trial court did not grant the appellant a requested state paid for transcript

of the trial for appeal purposes due to the appellant's impoverished condition and indigency.

7. The trial court committed prejudicial and reversible error when the court showed judicial bias by questioning appellant about the [two] magistrates that were previously assigned to the case, and where [one] of them recused himself and the other without appellant requesting him to, requested a ruling from the presiding judge whether he also should be dismissed from judging the case; and by telling the appellant to file an appeal [o]f the dismissal of the insurance [company] without providing written recording of telephone conversation between appellant and claims adjuster after asking the appellant whether or not he was an attorney.

{¶ 14} At the outset, we note that appellant has failed to argue his assignments of error separately in his brief as required by App.R. 16(A), thus we are entitled to disregard them. *See* App.R. 12(A)(2) ("The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."). Nevertheless, in the interest of justice, we will address appellant's arguments as he raises them in the body of his appellate brief.[2]

{¶ 15} First, appellant claims that he did not receive a fair trial because of judicial bias. This implicates appellant's seventh assignment of error. We note, as a matter of

---

[2] Appellees have not filed an appellate brief in response.

initial importance, that an appellate court lacks jurisdiction to disqualify a judge or magistrate or to vacate a judgment on the basis of judicial bias. *Beer v. Griffith*, 54 Ohio St.2d 440, 441-442, 377 N.E.2d 775 (1978). Moreover, as discussed below, we find no merit to the basis of appellant's claim.

{¶ 16} Appellant cites the magistrate's findings that appellant's "general attitude was extremely argumentative and his testimony was generally not credible" and that appellant "frequently interrupted with various irrelevant arguments, such as all the trouble he had had obtaining [appellee] Patterson's address" as evidence of bias. Appellant contends that his arguments relating to the difficulty in serving Patterson were not irrelevant because without service it would have been impossible to obtain a final judgment against her. We disagree that his arguments were not irrelevant. Regardless of the effort it took to serve Patterson, the end result is that she was served and was made a defendant to the proceedings, thereby achieving appellant's objective. Any further argument by appellant on the subject was moot.

{¶ 17} Appellant also alleges that, in an effort to avoid disrespectful action, he raised his hand several times to speak, but was not called upon by the magistrate. The transcript contains no record of this, and it is impossible for us to determine when such instances would have occurred.[3] Because the transcript is silent in this regard, we must presume the regularity of the proceedings. *See Knapp v. Edwards Laboratories*, 61 Ohio

---

[3] We do note, however, that appellant was permitted to testify on his behalf, examine and re-direct his witness, Barrett, and cross-examine and re-cross Patterson.

8.

St.2d 197, 199, 400 N.E.2d 384 (1980) ("When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.").

{¶ 18} Finally, appellant alleges that the magistrate was biased against him based on her support for the previous two magistrates that were assigned to this case, and based on previous cases in which he was a litigant before her. As to the former, we find nothing in the record to support appellant's conclusory claim that she "[was] in sympathy with those 2 magistrates." As to the latter, the proceedings to which appellant refers are not part of the record in this appeal, and therefore cannot be considered. *See State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus ("A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.").

{¶ 19} Accordingly, we find no merit to appellant's claims of judicial bias, and his seventh assignment of error is not well-taken.

{¶ 20} In addition to his claims of judicial bias, appellant also raises several evidentiary issues that implicate his first, second, third, and fourth assignments of error.

{¶ 21} First, appellant decries appellees' "suppression" of both the transcript of the phone conversation between appellant and Barrett, and Progressive's estimate of damages to Patterson's vehicle. Appellant argues that those documents were essential to prove that the damage was to Patterson's driver's side front bumper, and because those

9.

items were not produced, he is entitled to an inference to that effect. However, such an inference is unnecessary as it was not disputed at the trial that the damage occurred to Patterson's front driver's side bumper. Patterson testified:

Q: (By [appellant]) Ms. Patterson, if you had got your groceries and everything and you guys were in the car, well why were you sitting in there?

A: [I was] [w]aiting for you to go ahead and pull in, and as you pulled in, you hit my bumper of my car. That's how I --

Q: So --

A: -- paused because you cut -- you backed in looking the other way.

Q: So I hit your bumper on the left side of your car? The front bumper? Did you have any damage?

A: Yes, I did. Here it is, right here. My Progressive came out and these are my estimates of my damage.

* * *

Q: And it was hit on the driver's side? The left bumper is what - -

A: Right. You hit it.

Therefore, because it is not in dispute that the damage to Patterson's car occurred at the location where appellant claims it did, we hold that even if the court erred in its treatment

10.

of the recorded phone conversation and Progressive estimate, such error would be harmless. *See* Civ.R. 61 and App.R. 12.

{¶ 22} Relatedly, appellant argues that the magistrate committed error by not retaining in the record the written Progressive estimate for the damage done to Patterson's vehicle. Similarly, appellant mentions that he was not privy to Patterson's cell phone pictures that were shown to the magistrate. We first note that neither the Progressive estimate nor the pictures were offered as evidence, thus, the court had no obligation to maintain them as part of the record. Furthermore, as discussed above, because appellant's stated purpose in relying on the estimate was to prove the uncontested fact that the damage was to Patterson's driver's side front bumper, such document has no material evidentiary value, and its omission is harmless.[4]

{¶ 23} Accordingly, we find no merit to appellant's evidentiary issues, and his first, second, third, and fourth assignments of error are not well-taken.

{¶ 24} Finally, appellant argues that the magistrate erred in finding him to be not credible. He contends that the magistrate impugned his character and honesty, and drew a negative inference from his failure to produce as witnesses any of the other people who viewed the accident. This argument implicates his fifth assignment of error.

{¶ 25} Regarding the failure to produce witnesses, the magistrate indeed recognized that appellant testified that other people saw the accident but none came

---

[4] Appellant does not explain how he was prejudiced by Patterson's cell phone pictures, and we can discern no prejudice as the transcript suggests that the pictures were limited to the layout of the parking lot and the damage done to appellant's vehicle.

11.

forward as witnesses. However, the record is bereft of any indication that the magistrate drew an inference unfavorable to appellant from that fact.

{¶ 26} Ultimately, this case can be summarized as a "he said, she said" dispute. Appellant asserts that the trial court reached the wrong conclusion and that his is the only plausible explanation of how the accident occurred, in effect making a manifest weight of the evidence argument. He contends that if Patterson was parked in the row by the church, and facing the church, then it would be impossible for the front driver's side of his vehicle to collide with the driver's side front bumper of her car as he was backing into the space. However, appellant misconstrues Patterson's testimony. She stated that she had begun backing out of the parking space, and stopped when she saw appellant approaching from the left:

A: Thank God I hadn't come any more out of my space that I did or I would have incurred a lot of damages.

Q: Okay. Was your vehicle moving at the time?

A: Not at the time, no. He backed into my vehicle.

Q: So --

A: As I looked to the left --

Q: So your vehicle was stationary, correct?

A: Right, yes.

If Patterson had been backing out of the space and moving to her right, her front driver's side bumper would have been exposed. As appellant backed in and swung the front end

12.

of his vehicle around, the driver's side of his vehicle could have collided with Patterson's front driver's side bumper. Faced with Patterson's testimony, and with appellant's explanation that Patterson pulled forward and drove directly into appellant's vehicle, the magistrate found Patterson's explanation to be more credible.

{¶ 27} In examining the magistrate's decision under the manifest weight standard, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the decision must be reversed and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the [decision]." *Id.* In addition, we afford deference to the magistrate's determination on issues of credibility because she is "best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

{¶ 28} Here, we find that this is not the exceptional case in which the evidence weighs heavily against the magistrate's decision. Therefore, we hold that appellant's manifest weight argument based on the credibility of the parties is without merit.

{¶ 29} Accordingly, appellant's fifth assignment of error is not well-taken.

13.

**{¶ 30}** As a final matter, appellant made no argument in his brief that would support his sixth assignment of error relative to obtaining a transcript at the state's expense. Accordingly, we will disregard this assignment of error. *See* App.R. 12(A)(2).

**{¶ 31}** For the foregoing reasons, we find that substantial justice was done the party complaining and the judgment of the Toledo Municipal Court, Small Claims Division, is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.      _____
                                                            JUDGE

Arlene Singer, J.     

                                             _____

Stephen A. Yarbrough, J.                                JUDGE
CONCUR.

                                             _____
                                                            JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.